UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No:  09-20536-06

v.

TERRY MARSHALL
_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.     Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

 X    (1)     The Government moved for detention at the Defendant's first appearance pursuant to:

           X     18 U.S.C. § 3142(f)(1).

           __    18 U.S.C. § 3142(f)(2).

__     (2)     A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.     Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__     (1)     The Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

__     (2)     The offense described in finding was committed while the Defendant was on release pending trial for a federal, state or local offense.

__ (3) A period of less than five years has elapsed since

    __ the date of conviction, **or**

    __ the Defendant's release from prison for the offense described in finding (B)(1).

__ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.**     **Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that the Defendant has committed an offense:

    <u> X </u> for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*)[1], **or**

    __ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

    __ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

    __ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

    __ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

**D.**     **Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__ (1) There is a serious risk that the Defendant will not appear.

__ (2) There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

---

[1]Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

| | |
|---|---|
| __ | by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or** |
| __ | by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the Defendant's appearance; **or** |
| _X_ | both of the above. |

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that a rebuttable presumption in favor of detention applies in this case, the Court must consider whether there is sufficient evidence on the record to rebut the presumption under the factors set forth in subsection § 3142(g). At the threshold, I note that, based upon her prior criminal history, Defendant faces mandatory life imprisonment without release if convicted of Count I of the Indictment. Defendant is also charged in two other counts. If she is convicted on one or more of them and sentenced to the maximum allowed under the statute, she could face forty years' incarceration.

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, both powder and crack cocaine. I further find, from the grand jury having returned an indictment, that there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is currently 40 years of age and was born in St. Louis, Missouri. During her interview by Pretrial Services, Defendant listed an address on Van Buren Street in Saginaw, Michigan, as her residence. However, the

Government proffers that Defendant in fact resides with her husband on Barber Road in Bay City.  During the consideration of affidavits supporting the search warrants in this case, I have had the opportunity to review of partial transcripts of Title II wiretaps, and the Government's representations relating to Defendant's residence are corroborated by those transcripts. Defendant has been unemployed since May of this year.  Her last work was for a cleaning concern managed by her husband.  Defendant also has previously worked for brief periods at a fast food restaurant.  At her interview with Pretrial Services, Defendant denied any use of illegal controlled substances.  However, preliminary urinalysis testing was positive for both marijuana and cocaine.

In 2000, Defendant pled guilty to a misdemeanor controlled substances charge – use of narcotics.  Initially, Defendant was given a deferred sentence.  However, as a result of her violation of the conditions of that deferred sentence, judgment was entered and she was given six months' probation.  In December 2003, Defendant was charged with the delivery/manufacture of less than 50 grams of cocaine, a state law felony.  Defendant pled no contest to that charge and was sentenced to 12 months' incarceration.  In 2007, Defendant pled no contest to felony controlled substances delivery/manufacture of narcotics less than 50 grams.  She was sentenced to 36 months' probation in September 2007 and is currently under supervision.

Although not specifically proffered by the Government, I note again from review of search warrant affidavits and partial transcripts of Title II wiretaps the existence of evidence suggesting that, while on supervision, Defendant has been actively and consistently participating in the illegal sale of controlled substances as well as assisting others in this process.  At least seven circuits and a number of district courts  have held that continued drug dealing constitutes a danger to the community.  *See, e.g., United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) ("continued drug dealing does constitute a danger and threat to

the community, and that fact alone justifies detention"); *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, at *2-*3 (D. Kan. Mar. 26, 2008); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, at *4 (D.P.R. Dec. 4, 2007); *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, at *5 (E.D. Pa. Apr. 9, 2002).

The Government proffers that a search warrant executed at the Barber Street address yielded three pre-packaged baggies of crack cocaine equaling approximately 9 grams in weight, as well as a quantity of marijuana and multiple scales. In addition, as mentioned, the Defendant faces mandatory life imprisonment if she is convicted of Count I. Moreover, Pretrial Services reports that Defendant has family in St. Louis. I agree with the Government that these circumstances give rise to both an essentially irresistible desire to flee, and a place to hide, if given the opportunity.

For all these reasons, I conclude that the presumption in favor of detention has not been rebutted on the evidence presented. I further conclude that, even if it had, there are absolutely no conditions nor any combination of conditions which would reasonably assure the safety of the community or the Defendant's appearance. The Government's motion to detain is therefore **GRANTED**.

**Part III - Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The Defendant must be afforded a reasonable opportunity to consult privately with defense

counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

s/ *Charles E Binder*<br>CHARLES E. BINDER<br>United States Magistrate Judge

Dated: November 17, 2009

### CERTIFICATION

I hereby certify that this Order was electronically filed this date, electronically served on Shane Waller and Jeffrey Rupp, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: November 17, 2009      By      s/*Jean L. Broucek*
                             Case Manager to Magistrate Judge Binder