UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRY MARSHALL,

            Petitioner,            Case No. 09-cr-20536-06

v                                          Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

            Respondent.

_____/

### ORDER OVERRULING OBJECTION, ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTION TO DISMISS, DENYING MOTION TO VACATE, AND DENYING CERTIFICATE OF APPEALABILITY AND PERMISSION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

On April 16, 2012, Petitioner Terry Marshall pleaded guilty to conspiracy to distribute cocaine base, 21 U.S.C. § 846 and 841(a)(1). Plea Agreement 1, ECF No. 592. On August 13, 2012, she was sentenced to 140 months' imprisonment. J. 2, ECF No. 652. Marshall did not appeal the judgment, and therefore her conviction became final on August 27, 2012. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (judgment of conviction becomes final when the time for filing a notice of appeal expires).

A little less than two years later, on June 24, 2014, Marshall filed a motion to vacate her sentence under 28 U.S.C. § 2255. In her motion, she asserts one claim: that she received ineffective assistance when trial counsel "allow[ed] Movant to Plead Guilty to a Sentence that she did not qualify for." Mot. to Vacate 4, ECF No. 690.

On October 17, 2014, Respondent filed a motion to dismiss Marshall's § 2255 motion, claiming that it is time-barred. *See* ECF No. 706. On November 26, 2014, Magistrate Judge

Patricia T. Morris issued a report recommending that Respondent's motion be granted because Marshall's § 2255 motion was untimely.

On February 9, 2015, Marshall objected to the Magistrate Judge's report, asserting that she was entitled to equitable tolling. Because Marshall has not demonstrated that she exercised due diligence in pursuing her rights, and because she has not demonstrated extraordinary circumstances that would merit equitable tolling, Marshall's motion will be denied as untimely.

**I**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). "Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Carson v. Hudson*, 421 F. App'x 560, 563 (6th Cir. 2011) (quoting *Souter v. Jones*, 395 F.3d 577, 585-86 (6th Cir. 2005)).

**II**

In her objections, Marshall concedes (or at least does not dispute) that AEDPA's one-year statute of limitations has already expired. *See* 28 U.S.C. § 2255(f) (establishing a one-year statute of limitations for § 2255 petitions). Nonetheless, Marshall contends that she is entitled to equitable tolling.

Section 2255's one-year statute of limitations is not jurisdictional, and therefore it may be subject to equitable tolling in some circumstances. *Pough v. United States*, 442 F.3d 959, 965 (6th Cir. 2006) (citing *Dunlap v. United States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001)).

Equitable tolling of AEDPA's statute of limitations, however, should be applied "sparingly," and the movant "bears the burden of demonstrating that he is entitled to equitable tolling." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations omitted). A movant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 648 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Absent such a showing, "a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quotation omitted).

Marshall claims that the statute of limitations should be tolled because "[i]t has taken time and persistence to reaccumulate all the information needed to present her claim, and to be able to submit supporting evidence." Obj. 1. Marshall explains that, during the one-year period, the Federal Bureau of Prisons moved her "around to several locations and through this process personal things, as well as legal material and research and other excusable neglect factors became an obstacle due to mishandling of materials." *Id*. Moreover, she asserts that "[t]he court may also feel that [Marshall] lacks sufficient reasoning for the delayed motion." *Id*. at 1-2.[1]

Marshall is not entitled to equitable tolling because she has not met either requirement. First, she has not demonstrated—as is her burden—that she has been pursuing her rights diligently. Judgment was entered on August 13, 2012, and Marshall took no action in her case for almost two years.

Second, she has not demonstrated that extraordinary circumstances stood in her way and prevented her from timely filing a motion to vacate. Numerous courts have rejected arguments

---

[1] It is noteworthy that Marshall's current explanation contrasts with the explanation provided in her original motion to vacate. In her motion, she states that her claim is timely "[b]ecause The United States Supreme Court recognized a new Substantive Rule of Constitutional Law announced in Alleyne v. United States, No. 11-9335, 2013 BL 158522 (U.S. June 17, 2013) Which was decided less than one year, making this Petition timely under AEDPA [sic throughout]". Mot. to Vacate 12.

that lack of academic and legal education, ignorance of the law, and lack of legal assistance is enough to equitably toll the limitations period. *Plummer v. Davis*, 2010 WL 330376, at *4 (E.D. Mich. Jan. 21, 2010); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 766 (E.D. Mich. 2002); *Turner v. Smith*, 70 F. Supp. 2d 785, 787 (E.D. Mich. 1999); *Moore v. Hawley*, 7 F. Supp. 2d 901, 904 (E.D. Mich. 1998)). Nor are transfers between prisons extraordinary circumstances that warrant equitable tolling. *Ligon v. Burt*, 2014 WL 6085761, at *4 (E.D. Mich. Nov. 13, 2014) (citing *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004) (routine transfers between prisons do not constitute extraordinary circumstances).

Equitable tolling is rare. *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004). In this case, Marshall has not demonstrated that she is entitled to equitable tolling, and therefore her motion to vacate is untimely. Accordingly, her objection will be overruled, the Magistrate Judge's report will be adopted, and her motion to vacate will be dismissed.[2]

### III

Before Marshall may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should

---

[2] Alternatively, Marshall requests that this Court "to construe the original motion to Vacate, St Aside, or Correct the Sentence pursuant to 28 U.S.S. § 2255, as now a 52(b); or a 60(b); or a 56(b) or(c), which ever one permits Mrs. Marshall not to be time-barred, and is applicable. [sic throughout]" Although Marshall requests a change in the title and form of her motion, she is still—in substance—challenging her conviction. And because Marshall's ineffective assistance of counsel claim "falls within the scope of § 2255(a), it should be treated as such regardless of any 'inventive captioning' by the prisoner." *Pilla v. United States*, 668 F.3d 368, 372 (6th Cir. 2012) (citing *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004)). Accordingly, Marshall's motion will not be re-characterized.

issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Here, jurists of reason would not find the Court's procedural ruling debatable. Therefore, a certificate of appealability and permission to proceed *in forma pauperis* on appeal will be denied.

### IV

Accordingly, it is **ORDERED** that Petitioner Terry Marshall's objection (ECF No. 727) is **OVERRULED**.

It is further **ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 709) is **ADOPTED**.

It is further **ORDERED** that Respondent's Motion to Dismiss (ECF No. 706) is **GRANTED**.

It is further **ORDERED** that Marshall's Motion to Vacate Sentence (ECF No. 690) is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 24, 2015

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and on Terry Marshall #42440039, at Federal Prison Camp A-2, P.O. Box A, Alderson, WV 24910 by first class U.S. mail on February 24, 2015.

s/Tracy A. Jacobs
TRACY A. JACOBS

---