UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff-Respondent,

                                                Case No. 09-cr-20536-06

v

                                                Honorable Thomas L. Ludington

TERRY MARSHALL,

        Defendant-Petitioner.

_____/

### ORDER TRANSFERRING MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 TO THE SIXTH CIRCUIT COURT OF APPEALS AND DENYING MOTION FOR RESENTENCING PURSUANT TO § 28 U.S.C. 2241

On August 13, 2012, Petitioner Terry Marshall was sentenced as a career offender to 140 months imprisonment. On October 5, 2015, Marshall filed both a motion to vacate sentence under 28 U.S.C. § 2255 and a motion for resentencing under 28 U.S.C. § 2241. In her motions, Marshall challenges her sentence as a career offender based on the Supreme Court's recent decision in in *Johnson v. United States*, 135 S.Ct. 2551 (2015). In *Johnson*, the Court addressed the constitutionality of the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e)(2)(B)(ii), and held that the residual clause violates due process because it is unconstitutionally vague.

Because Marshall's current § 2255 petition constitutes a successive habeas petition within the meaning of 28 U.S.C. § 2254(b)(3), it will be transferred to the United States Court of Appeals for the Sixth Circuit. Because Marshall cannot show that her remedy under § 2255 is inadequate or ineffective, and because she was not in fact sentenced under the ACCA residual clause, Marshall's § 2241 petition will be denied.

**I.**

In November 2009, a grand jury in the Eastern District of Michigan returned a forty-nine count indictment against fifteen defendants accused of conspiring to distribute cocaine and cocaine base near Bay City, Michigan, in violation of 21 U.S.C. §§ 841(a)(1) and 846. When the grand jury issued a second superseding indictment on August 5, 2010, the alleged conspiracy grew to include twenty-five defendants and fifty-eight criminal charges. ECF No. 182. Terry Marshall was one of these twenty-five defendants.

On April 16, 2012, Terry Marshall pled guilty to one count of conspiracy to distribute twenty-seven grams of cocaine base. Pursuant to the Rule 11 plea agreement she executed on that date, Marshall agreed with the government that her sentencing guideline range was 140 to 175 months. She further agreed that under the sentencing guidelines, her total offense level was 32 and her criminal history was category five. The government, in return, agreed to withdraw its notice of prior convictions filed pursuant to 18 U.S.C. § 851, which would have imposed a statutory mandatory minimum of life in prison for the offense charged in the information.

Terry Marshall was sentenced to 140 months' imprisonment on August 13, 2012. Her sentence was not mandatory, but was calculated under the 2011 Guidelines Manual, which incorporates the Fair Sentencing Act guideline amendments. Marshall did not appeal the judgment, and therefore her conviction became final on August 27, 2012. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (judgment of conviction becomes final when the time for filing a notice of appeal expires).

Almost two years later, on June 24, 2014, Marshall filed a motion to vacate her sentence under 28 U.S.C. § 2255, asserting that she received ineffective assistance when trial counsel allowed her to plead guilty to a sentence that she did not qualify for. ECF No. 690. Because Marshall's § 2255 petition did not comply with the one-year limitations period set forth in

§2255(f), the Court granted Respondent United States' motion to dismiss the petition on February 24, 2015. ECF No. 732. Marshall has not been granted permission to file a second or successive § 2255 petition.

## II.

In her current motions, Petitioner Terry Marshall again seeks resentencing. In both her §2255 petition and her § 2241 petition, Marshall argues that her sentence as a career offender is unconstitutional and that she is entitled to resentencing under *Johnson*.

### A.

An individual seeking to file a second or successive habeas petition under § 2255 must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. 28 U.S.C. § 1631; *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that when "a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to [the court of appeals] pursuant to 28 U.S.C. § 1631."). That being the case, this Court is without jurisdiction to entertain a second or successive § 2255 petition unless authorized by the Court of Appeals for the Sixth Circuit.

A habeas petition is considered successive if it "raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate indifference or inexcusable neglect." *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006). Therefore, if the prisoner could have

discovered the factual predicate to his new claims at the time he filed his first petition, then the petition is successive within the meaning of 28 U.S.C. § 2244(b)(3)(A). *In re Siggers*, 132 F.3d 333, 338 (6th Cir. 1997).

Petitioner Marshall argues that her current § 2255 petition is not successive because her claim under *Johnson* could not have been raised in her prior petition. In addressing the question of whether a second petition raising a claim under *Johnson* constitutes a successive § 2255 petition, many courts have concluded that it does. In *Anderson v. Snyder-Norris*, 2015 WL 5174234 (E.D. Ky. Sept. 2, 2015), the United States District Court for the Eastern District of Kentucky held that a petition under 28 U.S.C. § 2241 challenging an ACCA enhanced sentence under Johnson is properly considered under 28 U.S.C. § 2255 and requires authorization for filing from the Court of Appeals where the petitioner had previously sought § 2255 relief. *Id*. at *4-5 (*citing Cockrell v. Kreuger*, No. 2015 WL 4648029 (C.D. Ill., 2015); *Wood v. Maiorana*, 2015 WL 4663267, at *2-6 (M.D.Pa. 2015)). *See also Barrett v. United States*, 2015 WL 5836011 (S.D. Ohio 2015).

This Court reaches the same conclusion. Marshall's § 2255 motion will therefore be transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

**B.**

Marshall's § 2241 motion will be denied. In general, § 2255 provides the correct avenue for federal prisoners seeking relief from an unlawful conviction or sentence is 28 U.S.C. § 2255, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). Claims challenging a federal prisoner's conviction or imposition of sentence must be filed in the sentencing court under 28 U.S.C. § 2255, and claims challenging the execution or manner in which a federal

prisoner's sentence is served must be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999).

In her current motions, Marshall does not challenge the manner in which the Board of Probation is executing her sentence, such as its computation of sentence credits or consideration of parole eligibility (i.e., issues which fall under the purview of § 2241). Instead, she contends that her sentence as a career offender violates her due process rights based on the Supreme Court's recent holding in *Johnson*, and that she is entitled to resentencing. Such a claim challenging the imposition of a sentence should be brought in a § 2255 petition, not a § 2241 petition.

**i.**

A federal prisoner may bring a § 2241 motion if she establishes that her remedy under § 2255 is inadequate or ineffective. *Wooten v. Cauley*, 677 F.3d 303, 306–07 (6th Cir. 2012). A remedy is not inadequate simply because a petitioner failed to raise an issue in a prior § 2255, relief was denied on a claim raised in a prior § 2255, relief under § 2255 was procedurally barred, or the petitioner was denied permission to file a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(e); *Charles,* 180 F.3d at 756.

Marshall has not met her burden of showing that her remedy under § 2255 is ineffective or inadequate. Marshall's previously filed § 2255 petition was dismissed as untimely for failing to comply with the one-year limitation period set forth in § 2255(f). A showing that a previous § 2255 was procedurally barred is insufficient to establish that the remedy under § 2255 was inadequate or ineffective. *Charles,* 180 F.3d at 756.

Furthermore Marshall has made no showing that the relief she now seeks could not have been sought in a properly filed § 2255 petition. In fact, Marshall seeks the same relief under her

currently filed § 2255 petition, and sought the same relief under her previously filed § 2255 petition. ECF No. 690 (seeking resentencing based on misapplication of the Federal Sentencing Guidelines). For these reasons, Marshall's § 2241 petition will be denied.

### ii.

Even reaching the merits of Terry Marshall's claims would not provide her relief. Critically, the holding in *Johnson* is wholly inapplicable in the present case because Marshall was not sentenced under the residual clause of the ACCA. Generally, the ACCA increases sentences for certain offenders who have three prior convictions for violent felonies or serious drug offenses. *See* 18 U.S.C.A. § 924(e)(1). The non-binding guideline range for Terry Marshall's sentence was enhanced under U.S.S.G. § 4B1.1, based on her prior controlled substance offenses, as defined under U.S.S.G. § 4B1.2(b). Her qualifying offenses did not require any application of the definition of "crime of violence" or any judicial discretion as to whether her acts presented a "serious potential risk of physical injury to another." *See* U.S.S.G. § 4B1.2(a)(2). Because Marshall was not sentenced under the residual clause of § 4B1.2(a)(2), her claims are without merit.

### III.

Accordingly, it is **ORDERED** that Petitioner Terry Marshall's Motion to Vacate Sentence under 28 U.S.C. § 2255, ECF No. 753, is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

It is further **ORDERED** that Petitioner Terry Marshall's Motion for resentencing under U.S.C. § 2241, ECF No. 755 is **DENIED**.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: December 1, 2015

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 1, 2015.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager