UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff-Respondent,

                                                      Case No. 09-cr-20536-06

v

                                                      Honorable Thomas L. Ludington

TERRY MARSHALL,

        Defendant-Petitioner.
_____/

**ORDER DENYING AND DISMISSING WITHOUT PREJUDICE
REQUEST FOR RDAP PARTICIPATION**

In November 2009, a grand jury in the Eastern District of Michigan returned a forty-nine count indictment against fifteen defendants accused of conspiring to distribute cocaine and cocaine base near Bay City, Michigan, in violation of 21 U.S.C. §§ 841(a)(1) and 846. When the grand jury issued a second superseding indictment on August 5, 2010, the alleged conspiracy grew to include twenty-five defendants and fifty-eight criminal charges. ECF No. 182. Terry Marshall was one of these twenty-five defendants.

**I.**

On April 16, 2012, Terry Marshall pled guilty to one count of conspiracy to distribute twenty-seven grams of cocaine base. Pursuant to the Rule 11 plea agreement she executed on that date, Marshall agreed with the government that her sentencing guideline range was 140 to 175 months. She further agreed that under the sentencing guidelines, her total offense level was 32 and her criminal history was category five. The government, in return, agreed to withdraw its notice of prior convictions filed pursuant to 18 U.S.C. § 851, which would have imposed a statutory mandatory minimum of life in prison for the offense charged in the information.

Terry Marshall was sentenced to 140 months' imprisonment on August 13, 2012. Her sentence was not mandatory, but was calculated under the 2011 Guidelines Manual, which incorporates the Fair Sentencing Act guideline amendments. Marshall did not appeal the judgment, and therefore her conviction became final on August 27, 2012. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (judgment of conviction becomes final when the time for filing a notice of appeal expires).

Almost two years later, on June 24, 2014, Marshall filed a motion to vacate her sentence under 28 U.S.C. § 2255, asserting that she received ineffective assistance when trial counsel allowed her to plead guilty to a sentence that she did not qualify for. ECF No. 690. Because Marshall's § 2255 petition did not comply with the one-year limitations period set forth in §2255(f), the Court granted Respondent United States' motion to dismiss the petition on February 24, 2015. ECF No. 732. The Sixth Circuit subsequently denied Petitioner authorization to file a second or subsequent § 2255 raising claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015), finding that *Johnson* has no impact on her status as a career offender. *See* ECF Nos. 792, 818.

## II.

On January 17, 2017 Petitioner Terry Marshall filed a document entitled "request for the court to participate in a [residential substance abuse] program." *See* ECF No. 820. Petitioner argues that her Presentence Investigation Report ("PSR") does not contain sufficient information about her prior drug use for her to qualify for the program. She acknowledges that she did not discuss any drug addiction issues with the probation officer at the time of her prosecution.

### A.

To the extent Petitioner Marshall requests that the Court amend her PSR, her request will be denied. Once the district court has heard objections to the report and has imposed sentence, the district court's jurisdiction over the defendant becomes very limited. *See United States v. Warner*, 23 F.3d 287, 290 (10th Cir. 1994). The Federal Rules of Criminal Procedure provide that, "within 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report." Fed. R. Crim. P. 32(f)(1).  By failing to object to a PSR during sentencing, a defendant accepts all factual allegations contained in it and waives his right to challenge the reliability of facts contained in a PSR on a later attack. *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008).  A district court does not have jurisdiction to hear a defendant's post-sentence motions to correct his PRS.  *See United States v. Engs*, 884 F.2d 894 (5th Cir. 1989); *See also United States v. McKinney*, 602 Fed. Appx. 237, 240-41 (6th Cir. 2015).

Marshall did not object to her PSR at or before her sentencing, and therefore waived the right to challenge the facts contained in her PSR at this time. *See U.S. v. Leath*, 711 F.2d 119 (8th Cir. 1983) (holding that a claimant's "Motion to Correct Presentence Report" could not be construed as a 28 U.S.C. § 2255 motion or a 28 U.S.C. § 2241 motion, and remanding the motion to be dismissed for lack of jurisdiction).  Her request in this regard will therefore be denied.

**B.**

Petitioner also appears to request permission from this Court to participate in a residential substance abuse program. A federal prisoner challenging the administration of a prison's residential drug abuse program may do so by filing a habeas petition under 28 U.S.C. § 2241.

*See Sesi v. U.S. Bureau of Prisons*, 238 F.3d 423 (table) (6th Cir. Dec. 7, 2000) (affirming district court's treatment of a complaint challenging administration of a drug abuse program as a § 2241 habeas corpus petition). A petitioner must exhaust administrative remedies before seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). *See also Watts v. Bogan*, 50 F.3d 11 (table) (6th Cir. Mar. 14, 1995). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003). Yet, "[a] prisoner's failure to exhaust available . . . administrative remedies may be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks." *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006).

Petitioner has not alleged that she exhausted her administrative remedies. Nor has she argued that attempting to exhaust her administrative remedies would be futile. Her request will therefore be denied without prejudice.

### III.

Accordingly, it is **ORDERED** that Petitioner's request to amend her PSR, ECF No. 820, is **DENIED**.

It is further **ORDERED** that Petitioner Terry Marshall's request to participate in an RDAP program, ECF No. 820, is **DENIED without prejudice.**

                                                 s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge

Dated: January 30, 2017

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 30, 2017.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager