UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          Case. No. 09-cr-20536-06

v.                                                 Honorable Thomas L. Ludington

D-6, TERRY MARSHALL,

        Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

On April 16, 2012, Defendant pled guilty to conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1). ECF No. 592. On August 13, 2012, Defendant was sentenced to 140 months imprisonment. ECF No. 652. In 2015, Defendant filed two motions for a 18 USC § 3582(c)(2) sentencing reduction based on retroactive application of Amendment 782 to the guidelines of the Unites States Sentencing Commission. ECF Nos. 722, 736. On June 30, 2016, the Court denied the motions. ECF No. 798. Defendant now moves for reconsideration of that order. ECF No. 858.

**I**.

Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order, but must do so within fourteen days. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices,*

*Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also Bowens v. Terris*, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

**II**.

The motion for reconsideration is over two years late. More importantly, the motion lacks merit. Defendant appears to be under the impression that the Court did not address the merits of her previous 3582 motions, but rather construed them as successive habeas petitions and transferred them to the Sixth Circuit. Defendant is mistaken. The Court transferred her motion to vacate under 28 U.S.C. 2255 (ECF No. 753) and transferred her motion for resentencing under 28 U.S.C. 2241 (ECF No. 755). *See* ECF No. 762. The Court did *not* however, transfer her motions for sentencing reduction under 18 USC § 3582(c)(2). Rather, the Court addressed them on the merits. *See*, ECF No. 798.

As explained in that order, amendment 782 does not entitle Defendant to relief. Amendment 782 revises the guidelines applicable to drug trafficking offenses by changing how the base offense levels in the Drug Quantity Table in 2D1.1 incorporate the statutory mandatory minimum penalties for such offenses. USSG app. C, amend. 782 (Supp.2014). Because Defendant's sentence was originally calculated based on Defendant's status as a career offender, and not based on the drug quantity, amendment 782 is inapplicable.

Accordingly, it is **ORDERED** that the motion for reconsideration, ECF No. 858, is **DENIED**.

                                                    s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge

Dated: September 24, 2018

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 24, 2018.

                            s/Kelly Winslow
                            KELLY WINSLOW, Case Manager